■ ALICE MICKLE, Appellant, v. LYNDON ROBINSON, Respondent.— Appeal by plaintiff from a judgment of the Supreme Court entered upon a jury verdict of no cause of action in a negligence case. Plaintiff was a passenger in a truck operated by her husband when the truck collided with the rear end of defendant's car. Both vehicles were traveling in the same direction when a rural mail carrier's car ahead of them stopped at a mail box with about half of the car remaining on the paved portion of the road. As the defendant was in the process of passing the mail carrier's car the collision occurred. It is plaintiff's contention that defendant's car slowed or stopped behind the mail carrier's car and then suddenly pulled to the left ahead of the vehicle in which she was riding. The exact manner in which the collision occurred and the surrounding circumstances are in dispute, and we think a clear question of fact was presented which was fairly submitted to the jury. It is quite obvious that the jury found that the defendant was not negligent, and the evidence would fairly permit such a finding. The only other question raised on this appeal is the claim that it was error for the trial court to refuse a postponement of the commencement of the trial. The case had been on the Trial Calendar at many terms of court and had finally been removed from the calendar pursuant to rule. A motion was granted restoring the case to the calendar, and with everyone's consent the case was set down definitely for trial on May 7, 1958. Plaintiff's counsel made an ex parte and informal application to the Trial Judge to postpone the case because the plaintiff's father had died and the funeral was on May 7. The request was declined with permission to plaintiff's counsel to explain to the jurors why plaintiff was absent during the preliminary portion of the trial. The jury was drawn and some preliminary evidence introduced. At about three o'clock in the afternoon the court adjourned the case until the following morning, when plaintiff was present. A trial court must necessarily have wide discretion in handling calendar practice, and it was not abused in this instance. There is nothing in this record to indicate that the ruling in any way prejudiced plaintiff. Judgment unanimously affirmed, with costs. Present — Bergan, J. P., Coon, Gibson, Herlihy and Reynolds, JJ.

■ ALBERTE DUCHARME, Respondent, v. FREIHOFER BAKING CO., INC., et al., Appellants.— Appeal from an order of the Supreme Court at Special Term entered in Greene County, which granted plaintiff's motion to take the testimony of plaintiff's physicians at Montreal, Canada, upon plaintiff's written interrogatories and defendants' cross interrogatories. The action is in negligence to recover for personal injuries sustained as the result of an automobile accident. Plaintiff claims to have sustained numerous permanent injuries, including damage to the brain and to the nervous system. One of the two physicians sought to be examined is a neurosurgeon. From the original and supplemental bills of particulars the conclusion is inescapable that the proof of many of the serious injuries asserted will be of a highly technical and complex nature and could not, in justice to any of the parties, be effectively elicited from the doctors named or tested by cross-examination otherwise than upon oral examination. This situation was fairly shown by the affidavit read in opposition to the motion and required that an oral examination be directed. (Cf. *Bennett* v. *Kelly,* 283 App. Div. 945.) We perceive no reason to disturb the exercise of the Special Term's discretion in declining to impose the additional conditions suggested. Order modified so as to delete the provisions thereof as to written interrogatories and to provide that the testimony of the physicians therein named be taken by deposition upon oral examination before a competent person to be named in said order, upon 20 days' notice to defendants' attorneys, and, as so modified, affirmed, without costs. Settle order. Coon, J. P., Gibson, Herlihy and Reynolds, JJ., concur.