OPINION OF THE COURT
Charles J. Markey, J.
This defense summary judgment motion governing “serious injury” under New York’s Insurance Law raises the little explored issue of whether a foreign doctor’s affirmation should suffice in opposing the motion.
*327 The accident occurred on April 24, 1997 in Queens County. The plaintiff Syed Haider was driving his car when he was struck by another vehicle. The plaintiff has been a United States citizen since 1985; he was born in Bangladesh. Since the time of the accident and allegedly continuing to date, plaintiff has traveled to Bangladesh for, among other reasons, medical treatment, where he has been treated by Dr. Shah Alam, an orthopedist.
The court has reviewed the plaintiff’s deposition testimony and all of the papers. The defendants’ main contention is that, because Dr. Alam is a foreign medical practitioner, this court not entertain his notarized statement in opposition to the summary judgment motion.
The court does not agree with defense counsel. The issue was only briefly mentioned, in passing, in a case that predated the current restructuring of New York’s Insurance Law article 51. Specifically, in Ducharme v Freihofer Baking Co. (9 AD2d 581 [3d Dept 1959]), the plaintiff’s physicians were in Montreal, Canada. The Court, in that case, was concerned with finding a proper way for conducting discovery in light of the complexity of the injuries. The Court in Ducharme, it can be thus assumed, was not concerned that the doctors were licensed by a foreign country. This court, too, shares no such concern.
Plaintiff’s case, however, must fall. Simply because this court will accept the testimony of a foreign doctor does not mean that it will establish different standards for overcoming the threshold motion barriers, designed to test whether a case truly deserves to be treated as an exception to the no-fault benefits scheme envisaged by the New York Legislature in article 51 of the Insurance Law and, in particular, by section 5104.
Although Dr. Alam’s statement is properly notarized, its substance fails to set forth a variety of necessary components. It says simply the causes of the injury are both from degeneration and the automobile accident. It does not specify dates of treatment and what modalities of treatment were given. Although Dr. Alam accords the plaintiff a poor prognosis, he did not make any determination of loss of range of motion or make a qualitative assessment that could survive a summary judgment motion under Toure v Avis Rent A Car Sys. (98 NY2d 345 [2002]).
Dr. Alam’s report says that plaintiff suffers from “Iritis, Osteoporosis, Aortic Regurgitation, Respiratory Apical Fibrosis, and Cauda Equine Syndrome.” Nowhere does the doctor identify any variety of injury attributable to the accident.
*328 Relevant to the discussion here, in this court’s experience, a plaintiffs chance of surviving a threshold motion lies in the cooperation between his physician and his counsel. Doctors are familiar with the patient’s conditions and medical terminology, and lawyers are presumably trained in the law’s requirements. That is why on many motions the signature page of the medical affirmations, whether offered by defense or plaintiffs counsel, appears photocopied. Doctors may talk only of a patient’s symptoms and condition, whereas lawyers insist that the draft affirmation be amended so as to discuss critical issues of causation and the law’s other exacting requirements. To the extent that he sought treatment elsewhere, and not by an American physician, he made his and his attorney’s compliance with the case law’s contemporary requirements all the more difficult.
The plaintiff, for reasons best known to him, is free to be treated by a doctor of his own choosing, and the court will respect his choice and accept a properly notarized statement by the foreign physician. However, the court must equally be faithful in applying the laws and requirements of this state governing serious injury.
The court, accordingly, grants defendants’ motion for summary judgment, in all respects. The complaint is hereby dismissed with prejudice.